```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| KAREN O'CONNOR,<br><br>        Plaintiff,<br><br>    v.<br><br>SPEEDWAY SUPERAMERICA LLC,<br>Individually and d/b/a<br>SPEEDWAY; and SPEEDWAY LLC,<br>d/b/a SPEEDWAY #06766,<br><br>        Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 20-1453 |

## MEMORANDUM

**Joyner, J.**                                                **July 30, 2021**

    Presently before the Court are Defendant Speedway LLC's ("Speedway") Motion for Summary Judgment (Doc. No. 10) and Plaintiff Karen O'Connor's ("O'Connor") Response in Opposition (Doc. No. 11).  Because there are genuine disputes as to material facts of the case, the Motion is denied.

### Factual Background

    O'Connor bought a snack on October 30, 2018 at a Speedway convenience store in Palmyra, Pennsylvania and fell as she exited the store.  O'Connor alleges in this suit that Defendants negligently caused her to trip and fall on an uneven floor mat.

### Subject-Matter Jurisdiction

    This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).  (Notice of Removal, Doc. No. 1 at 1.)

**Legal Standard**

Courts grant summary judgment when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Erdman v. Nationwide Ins. Co., 582 F.3d 500, 502 (3d Cir. 2009); Fed. R. Civ. P. 56(a). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. Burton v. Teleflex Inc., 707 F.3d 417, 425 (3d Cir. 2013). An issue of fact is material and genuine when it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." Parkell v. Danberg, 833 F.3d 313, 323 (3d Cir. 2016).

**Discussion**

As a diversity action, the law of the forum state, Pennsylvania, applies in this case. See Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). To establish a negligence claim in Pennsylvania, a plaintiff must prove: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. Est. of Swift v. Ne. Hosp. of Philadelphia, 456 Pa. Super. 330, 690 A.2d 719 (1997). The parties here agree that O'Connor was an invitee at the time of the fall. (Mot. for Summ. J. of Def., Speedway LLC,

Doc. No. 10 at 4.)  When a dangerous condition causes harm to an invitee, defendants are liable only if they: (a) knew of or by the existence of reasonable care would have discovered the condition and should have realized that it involved an unreasonable risk of harm to invitees; (b) should have expected that invitees would not discover or realize the danger, or would fail to protect themselves against it; and (c) failed to exercise reasonable care to protect invitees against the danger. Carrender v. Fitterer, 503 Pa. 178, 469 A.2d 120 (1983).  "[A]n invitee must prove either the proprietor had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Est. of Swift, 456 Pa. Super. at 336.  "If the plaintiff does not produce a genuine issue of material fact about the defendant causing the condition or having notice, then the business did not breach its duty and summary judgment is appropriate." Larkin v. Super Fresh Food Markets, Inc., 291 F. App'x 483, 484-85 (3d Cir. 2008).

Here, the parties dispute the existence of a dangerous condition and whether Speedway created the condition and/or had actual or constructive notice of the condition.  We agree with O'Connor that there are genuine issues of material fact as to the existence of a dangerous condition, whether Speedway caused the condition, and whether Speedway had actual or constructive notice of the condition.

The parties disagree on the physical condition of the mat at the time of the fall.  "The question of what is a dangerous condition is one of fact which must be answered by the jury" unless reasonable minds could not differ as to the conclusion. Slappy-Sutton v. Speedway LLC, 764 F. App'x 271, 272 (3d Cir. 2019) (quoting Finn v. City of Philadelphia, 541 Pa. 596, 664 A.2d 1342, 1345 (1995)).  Speedway relies on the testimony of employees and store video surveillance to claim that the floor mat was not a dangerous condition, arguing that the video unambiguously shows that the mat was flat on the floor.  (Mot. for Summ. J. of Def., Speedway LLC, Doc. No. 10 at 8.)  O'Connor in her deposition, however, described the mat as: "bubbled," not flat on the ground, "uneven," and "not straight."  (Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., Doc. No. 11, Ex. A at 87, 92-94.)  She described that her right foot became caught on the mat and it caused her to "fall forward very fast."  (Id. at 74.) O'Connor argues that the video and still photographs from the video confirm her view of the mat as a dangerous condition. (Id. at 6.)  O'Connor viewed images of the mat during her deposition and continued to claim that the mat was uneven.  (Id. at 87.)  The parties' two opposing views of the mat constitute a dispute as to existence of a dangerous condition.  Because reasonable minds could come to different conclusions, a jury

4

should be allowed to analyze the video and the testimony to determine if the mat presented a dangerous condition.

There is also a genuine dispute as to whether Defendant caused the dangerous condition.  O'Connor claims that the surveillance video shows a Speedway employee moving a trash cart on the mat in the time leading up to the fall and she alleges that this could have caused the mat to not sit flat on the ground.  (Id. at 7.)  Speedway argues that there is no evidence that employees caused a change in the condition of the mat. (Mot. for Summ. J. of Def., Speedway LLC, Doc. No. 10 at 2.) O'Connor, however, has put forward sufficient evidence of Speedway causing the condition to show a genuine issue for trial.

As to Speedway's actual or constructive notice of the dangerous condition, there is also a dispute.  Pennsylvania courts attribute a business with constructive notice of a dangerous condition when "the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it."  Moultrey v. Great A & P Tea Co., 281 Pa. Super. 525, 531, 422 A.2d 593 (1980).  Here, it is unclear how long the condition may have existed before the fall, but in the time leading up to the fall two Speedway employees walked over the mat many times, including just sixteen seconds before the fall.  (Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J.,

5

Doc. No. 11 at 8.)  The employees testified that they did not see anything wrong with the mat and O'Connor, as discussed above, maintains that it was uneven.  (Id.)  This contradiction in testimony is an issue of credibility for the jury to decide. If the jury accepts O'Connor's description of the mat, a reasonable jury could decide that the employees walking over the mat constituted actual or constructive notice.

## Conclusion

Sufficient evidence exists to support the claims in this matter and there are genuine issues of material fact.  For these reasons, we deny the Motion for Summary Judgment.  An Order follows.